IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CT-3089-FL

| | | |
|---|---|---|
| RONALD McCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KRIS BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for summary judgment (DE 60) pursuant to Federal Rule of Civil Procedure 56. The motion was fully briefed and the issues raised are ripe for decision. For the reasons that follow, the court grants the motion.

**STATEMENT OF THE CASE**

Plaintiff commenced this 42 U.S.C. § 1983 civil rights action by filing complaint on March 30, 2017, alleging defendant Kris Bradley ("Bradley") violated his rights under the Eighth Amendment to the United States Constitution by sexually assaulting him. Plaintiff's complaint alleges the following events occurred at the Maury Correctional Institution ("Maury C.I.") in 2016 and 2017:

> Officers are to soft-touch when [they] escort [and] touch the arm. But [defendant] has touched my buttocks at various times when putting [me] in full restraints. Officers put chain in belt loops and have opportunity to be behind a[n] inmate and then [I] feel [defendant] touch [my] buttocks in a [sick] way but it was obvious what Sgt. Bradley do. He is openly gay and use sexual[] language inviting sexual acts involving the penis.

(Compl. (DE 1) § V). On October 12, 2017, plaintiff moved to amend the complaint. Plaintiff's

proposed amended complaint contained additional allegations concerning the North Carolina Department of Public Safety's ("DPS") investigation into the alleged sexual abuse. On November 20, 2017, the court granted plaintiff's motion to amend, conducted its initial frivolity review, and allowed the action to proceed.

On June 26, 2018, the court entered case management order governing discovery and pretrial dispositive motions practice, and also appointed North Carolina Prisoner Legal Services, Inc. ("NCPLS") to represent plaintiff for the discovery phase of the case. On July 5, 2018, the court denied plaintiff's motion to hold case in abeyance pending his transfer to another prison. On October 23, 2018, the court granted defendant's motion to strike plaintiff's response to defendant's Answer, and denied plaintiff's motion for leave to correct and clarify defendant's discovery responses.

The parties completed discovery on or about December 3, 2018. On December 7, 2018, NCPLS moved to withdraw from representing plaintiff, noting its opinion that further appointment of counsel is not necessary in this action. The court granted NCPLS's motion to withdraw.

On January 3, 2019, defendant filed the instant motion for summary judgment. In support, defendant relies upon a statement of material facts and the following: 1) declaration from defendant; 2) video recording of January 14, 2017, use of force incident; 3) incident report for January 14, 2017, use of force incident; 4) affidavit from Kimberly Grande, the executive director of DPS's Inmate Grievance Resolution Board; 5) DPS's inmate administrative remedy policy; and 6) appeal records for grievances plaintiff filed between January 14, 2017, and March 30, 2017.

Plaintiff filed opposition on January 15, 2019, which relies upon a statement of material facts and the following: 1) excerpts from plaintiff's DPS administrative grievances and medical records,

2) defendant's discovery responses, and 3) DPS policies and procedures governing sexual assault

investigations and unit manager responsibilities. Plaintiff filed amended response on February 8,

2019, which relies upon acknowledgment form documenting plaintiff reviewed the video recording

of the January 24, 2017, incident, and additional medical and court records.

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). The party seeking summary judgment "bears the initial responsibility of informing the district

court of the basis for its motion, and identifying those portions of [the record] which it believes

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986). Once the moving party has met its burden, the non-moving party must then "come

forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

B.     Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C.

§ 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust,

even to take special circumstances into account. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856

(2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Administrative grievances must contain

sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and

"give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008).

DPS has a three-step administrative remedy procedure which inmates must complete in order to exhaust administrative remedies. See, e.g., Moore, 517 F.3d at 721. DPS's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. (ARP (DE 63-5) § .0301(a)). If informal resolution is unsuccessful, the ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. (Id. § .0310(a)). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head. (Id. § .0310(b)(1)). If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the Secretary of Public Safety through the inmate grievance examiner. (Id. § .0310(c)(1)). The decision by the inmate grievance examiner or a modification by the Secretary of Public Safety shall constitute the final step of the ARP. (Id. § .0310(c)(6)).

In this case, plaintiff filed and exhausted one grievance, Unit Grievance No. 4875-2017-NPODH00125, alleging defendant mistreated him. (Grande Aff. Ex. B (DE 63-6)). In that grievance, plaintiff alleged the following: "On [January 14, 2017,] [defendant] while in a heated dispute about my breakfast tray at [5:00 a.m.] told me 'suck my [expletive].' I am not gay never was or will ever be . . . It is inappropriate to say this to me as I would never do such a thing." (Id. at 2).

As set forth above, the instant complaint alleges defendant sexually assaulted plaintiff on several occasions by touching his buttocks. Plaintiff's grievance alleging defendant made a crude,

sexual comment during the course of an argument does not notify prison officials that defendant engaged in a pattern of sexually assaulting plaintiff. Sexual assault by groping and verbal sexual harassment are different issues, and the exhaustion of administrative remedies doctrine requires that plaintiff exhaust administrative remedies with respect to the issue alleged in the complaint. Moore, 517 F.3d at 729 (holding plaintiff's grievance alleging inadequate medical care for Hepatitis C did not sufficiently alert prison officials about his claim that he also received inadequate medical care for gout); see also Wilcox, 877 F.3d at 167 n.4 (administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought"). Plaintiff has presented no evidence that he exhausted any administrative grievances alleging sexual assault during the relevant time frame. Accordingly, the court will grant defendant's motion for summary judgment as to the sexual assault claim.

To the extent plaintiff's complaint alleges defendant sexually harassed him by using profane, sexually-suggestive language on January 14, 2017 (the issue for which he did exhaust administrative remedies), the claim is subject to summary dismissal.[1] The verbal sexual harassment alleged in plaintiff's complaint does not a state a claim for violation of plaintiff's Eighth Amendment rights. See Jackson v. Holley, 666 F. App'x 242, 244 (4th Cir. 2016); Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005); see also Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); Barney v. Pulsipher, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998).

**CONCLUSION**

Based on the foregoing, the court GRANTS defendant's motion for summary judgment (DE

---

[1] The court may review plaintiff's complaint "at any time" and dismiss claims that fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

60).  The court DISMISSES plaintiff's claims alleging sexual assault without prejudice, and plaintiff's claims alleging verbal sexual harassment with prejudice.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of September, 2019.


LOUISE W. FLANAGAN
United States District Judge